1  John W. Pillette, SBN 219497
2  Julieanna Vinogradsky SBN 267299
   **PILLETTE LAW OFFICE, P.C.**
3  795 Sutter Street, No. 203
   San Francisco, CA 94109
4  (415) 567-2221
   Fax: (415) 567-2222
5  jwp@pillettelaw.com
   jiv@pillettelaw.com
6

7  Attorneys for Plaintiffs
8

9

10              **UNITED STATES DISTRICT COURT**

11        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

13

14  MARYANN REYNOLDS, DANA           Case No.  C 11-00462 EMC
    SHAWA, and SHELLA LEAHY,
15  individually and behalf of all others   **[COLLECTIVE ACTION]**
    similarly situated,
16                                          **COMPLAINT FOR DAMAGES:**
17          Plaintiffs,                         (1) **VIOLATION OF 29 U.S.C. §**
                                                    **207;**
18          v.                                  (2) **VIOLATION OF CAL. LABOR**
                                                    **CODE § 510;**
19                                              (3) **VIOLATION OF CAL. LABOR**
    HOLOGIC, INC., a Delaware                      **CODE § 226.7;**
20  Corporation, and SUROS SURGICAL            (4) **VIOLATION OF CAL. LABOR**
    SYSTEMS, INC., a Delaware                      **CODE § 203;**
21  Corporation,                               (5) **COVERSION (CAL. CIV. CODE**
                                                    **§ 3336); and**
22          Defendants.                        (6) **UNFAIR COMPETITION**
                                                    **(CAL. BUS. & PROF. CODE §**
23                                                  **17200** *et seq.***);**
                                            **DEMAND FOR JURY TRIAL**
24

25

26

27

28

C 11-00462 EMC COMPLAINT           1

1

**JURISDICTION**

2        1.     This Court has subject matter jurisdiction over this action under 28

3   U.S.C. § 1331, because the controversy arises under the Fair Labor Standards Act of

4   1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* This Court has supplemental jurisdiction over

5   Plaintiffs' state law claims under 29 U.S.C. § 1367, because they form part of the

6   same case or controversy.

7

8

**VENUE**

9        2.     Venue is proper in the Northern District of California because a

10   substantial part of the events or omissions giving rise to Plaintiffs' claims occurred

11   in this District in the City and County of San Francisco. Further, Defendant

12   Hologic, Inc. resides and operates a place of business in the City and County of

13   Santa Clara in this District.

14

15

**INTRADISTRICT ASSIGNMENT**

16        3.     Assignment to the San Francisco Division is appropriate under Local

17   Civil Rule 3-2(c) because a substantial part of the events and omissions giving rise

18   to Plaintiffs' claims occurred in San Francisco.

19

20

**PARTIES**

21        4.     Plaintiff Maryann Reynolds ("Reynolds") was employed by Defendants

22   as a Clinical Education Specialist from September 10, 2007 to November 25, 2008,

23   working out of her own home in the City and County of San Francisco. Reynolds

24   brings her claims on behalf of herself and the collective members, as set forth below.

25        5.     Plaintiff Dana Shawa ("Shawa") was employed by Defendants as an

26   Applications Specialist, a Clinical Services Specialist, and a Clinical Education

27   Specialist from about February 2008 until June 2009, working out of her own home

28

1  in Fairfield, Solano County, California. Shawa brings her claims on behalf of herself
2  and the collective members, as set forth below.

3      6.    Plaintiff Shella Leahy ("Leahy") was employed by Defendants as a
4  Clinical Education Specialist from May 6, 2007 to September 2010, working out of
5  her own home in Torrance, Los Angeles County. Leahy brings her claims on behalf
6  of herself and the collective members, as set forth below.

7      7.    Defendant Hologic, Inc. ("Hologic") is a Delaware corporation with its
8  principal place of business in Bedford, Massachusetts.

9      8.    Plaintiffs are informed and believe and allege thereon that Defendant
10 Suros Surgical Systems, Inc. ("Suros/Hologic") is a Delaware corporation with its
11 principal place of business in Bedford, Massachusetts. Suros/Hologic is one of a
12 number of wholly-owned subsidiaries of Hologic. As used herein and unless
13 otherwise specified, the terms "Defendants" and "Hologic" refer to Hologic,
14 Suros/Hologic, and include all of Hologic's consolidated subsidiaries.

15

16              **JOINT EMPLOYER ALLEGATIONS**

17     9.    Hologic and Suros/Hologic both, now and at all times mentioned in this
18 Complaint: (1) are in some manner legally responsible for the events, happenings
19 and circumstances alleged herein; (2) proximately subjected Plaintiffs to the
20 unlawful practices, wrongs, complaints, injuries, and damages alleged herein; (3)
21 were each other's agents, servants and employees, and in doing the things alleged
22 herein were acting within the course and scope of that agency, servitude and
23 employment; (4) were members of, and engaged in, a joint venture, partnership and
24 common enterprise, and were acting within the course and scope of, and in
25 pursuance of, that joint venture, partnership, and common enterprise; (5) concurred
26 and contributed to each other's various acts and omissions in proximately causing
27 the complaints, injuries, and damages alleged herein; (6) approved of, condoned,
28

C 11-00462 EMC COMPLAINT        3

1    and otherwise ratified each and every one of the acts and omissions alleged in this

2    complaint; and (7) aided and abetted the acts and omissions of each other, thereby

3    proximately causing the damages alleged in this complaint.

4

5                        **COLLECTIVE ACTION ALLEGATIONS**

6        10.    This is a collective action brought under 29 USC § 216(b) by Plaintiffs

7    Reynolds and Leahy on behalf of themselves and all other similarly-situated

8    persons employed by Defendants for the purpose of in-servicing and training

9    customers of its products. These in-servicing trainers were (and are) misclassified

10   as exempt and not paid overtime wages within the period beginning four years prior

11   to the filing of this complaint, and continuing through the date of final disposition of

12   this action.

13       11.    Plaintiffs and the collective members seek recovery for violations of the

14   FLSA for Defendants' failure to pay overtime wages due, and for all other applicable

15   recoverable damages and penalties.

16       12.    Plaintiffs are informed and believe and allege thereon that Defendants

17   knew or should have known that Plaintiffs and collective members were

18   misclassified as exempt employees, and were therefore working overtime without

19   being properly paid the overtime wages due for such work.

20       13.    Defendants knowingly and repeatedly accepted the benefits of the

21   labor performed by Plaintiffs and collective members, but failed and refused, as a

22   matter of company policy, ratified and condoned by management, to pay all

23   overtime wages owed.

24       14.    Defendants' failure to pay all wages owed to Plaintiffs and collective

25   members is an FLSA violation, such that notice should be sent to all similarly

26   situated current and former employees of Defendants.

27

28

**FACTS**

15.    At all times set forth herein, Defendants Hologic and Hologic/Suros were and are enterprises engaged in commerce and in the production of goods for commerce; Defendants and were employers within the definition of the FLSA and California law; Plaintiffs were employees of Defendants within the definition of the FLSA and California law.

16.    Hologic, in its most recent Form 10-K, filed with the Securities and Exchange Commission on November 24, 2010, describes itself on page 3 as "a developer, manufacturer and supplier of premium diagnostics, medical imaging systems and surgical products dedicated to the healthcare needs of women. Our core business segments are focused on breast health, diagnostics, GYN surgical and skeletal health." Hologic further describes its product line, on pages 3–10, as comprising over two dozen products in these four segments; and on page 10 explains how it maintains a "service force" to directly service these products. Hologic does not break out the number of service force personnel it employs, but describes its "direct sales and service force [as] consist[ing] of approximately 1,571 people."

17.    Defendants employed Plaintiffs and collective members in its service force as in-servicing trainers; their primary job duty was and is to perform product training for customers of Hologic and Hologic/Suros products. Plaintiffs are informed and believe and thereon allege that the many Hologic and Hologic/Suros product lines are all serviced by similarly situated in-servicing trainers, who are all classified as exempt.

18.    Plaintiffs were job titled variously as "Applications Specialist," "Clinical Services Specialist," and "Clinical Education Specialist," and Plaintiffs are informed and believe and thereon allege that other similarly situated collective members, *i.e.*, other in-servicing trainers, worked under these and other job titles in all four Hologic segments. Plaintiffs will pray for leave of this Court to amend this

Complaint to specifically allege all job titles the collective members are and were employed under when these titles are ascertained.

19.     Defendants' in-servicing trainer positions require extensive travel. The training sessions conducted by in-servicing trainers typically begin at 7:00 a.m., continue through a working lunch period—where the in-servicing trainer must make herself available to answer customer questions—and include an afternoon session, where she supervises customers' use of the products on patients. Because the training sessions begin in the early morning, in-servicing trainers frequently must travel the night before, often on a Sunday.

20.     Defendants misclassified Plaintiffs and the collective members as exempt under the FLSA. In-servicing trainers are not employed in an executive, administrative, computer, or outside sales capacity. Nor do they qualify as "professionals" under the FLSA: in-servicing training does not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; nor is the work predominantly intellectual in character; nor does it require the consistent exercise of discretion and judgment. Rather, the work of an in-servicing trainer involves the performance of routine mental, manual, mechanical, and physical work.

21.     Plaintiffs were likewise misclassified by Defendants as "exempt" under California law: as persons employed in California in the manufacturing industry, Plaintiffs' wages, hours, and working conditions are regulated by Order No. 1-2001 of the Industrial Welfare Commission of the California Department of Industrial Relations ("IWC Order 1-2001"). Because Plaintiffs do not qualify as executives, administrators, computer employees, outside salespersons, or professionals under the IWC Order, they were and are not exempt from the provisions of the Order.

22.     Throughout their employment, Plaintiffs and collective members were scheduled to, and did, work in excess of 40 hours per each workweek, for which no

overtime wages were paid. These hours were worked with the knowledge, consent, and acquiescence of their supervisors.

23.    Defendants knew or should have known that Plaintiffs and collective members worked overtime without getting paid overtime wages because Defendants required Plaintiffs and collective members to work more than eight hours per workday and 40 hours per workweek, and were responsible for misclassifying Plaintiffs and the collective members as exempt employees.

24.    Plaintiffs are informed and believe and thereon allege that, at all relevant times, Defendants were advised by professionals, employees, and advisors knowledgeable about the FLSA, and that Defendants willfully, knowingly, and intentionally failed to comply with the FLSA in order to increase profits.

25.    Defendants willfully violated the FLSA in that they knew, or should have known, or showed reckless disregard as to whether their policy of misclassifying in-servicing trainers as exempt under 29 U.S.C. § 213 violated the FLSA.

26.    Defendants likewise willfully violated California law, in that they knew, or should have known, or showed reckless disregard as to whether their policy of misclassifying Clinical Education Specialists as exempt violated California law.

## First Cause of Action
### Failure to pay overtime wages
### In violation of 29 U.S.C. § 207, 216
### (by Plaintiffs, on behalf of themselves and all
### similarly situated employees, against all Defendants)

27.    Plaintiffs reassert, reallege, and incorporate by reference the preceding paragraphs as though fully set forth herein.

28.     Under 29 U.S.C. § 207(a)(1), an employer is prohibited from requiring employees to work overtime (*i.e.*, more than 40 hours per workweek), unless the employer pays those employees for overtime hours worked at an overtime rate, *i.e.*, a pay rate at least 1 ½ times the regular rate.

29.     As described above, Plaintiffs and the collective members are required by Defendants to work overtime, but are not paid for their overtime hours worked.

30.     Defendants know that Plaintiffs and collective members work overtime because Defendants schedule Plaintiffs and collective members to work such hours; and Defendants know that Plaintiffs and collective members are not paid overtime rates for these hours because Defendants have a policy of misclassifying Plaintiffs and collective members as exempt under the FLSA.

31.     Defendants' scheme of first misclassifying Plaintiffs and collective members as exempt from the FLSA's overtime provisions, and then failing to pay them for all hours worked, is willful and knowingly and intentionally violates the law.

32.     As the direct and proximate result of Defendants' actions and inactions, Plaintiffs and collective members have been deprived of rights secured to them under federal law, and are entitled to compensatory and liquidated damages in an amount according to proof at trial.

33.     Plaintiffs' damages include, but are not limited to, a sum equivalent to Plaintiffs and collective members' unpaid wages plus an additional equal amount as liquidated damages under 29 U.S.C. § 216(b), for the three years proceeding the filing of this complaint, attorneys' fees and costs, and any other equitable relief that the Court deems just and proper.

## Second Cause of Action
### Failure to pay overtime wages
### In violation of California Labor Code §§ 510, 1194
### (by Plaintiffs on their own behalf against all Defendants)

34.   Plaintiffs reassert, reallege, and incorporate by reference the preceding paragraphs as though fully set forth herein.

35.   Under Cal. Labor Code § 1194, an employee receiving less than her legal overtime wages is entitled to sue to recover her unpaid overtime wages, plus interest, attorney's fees, and costs.

36.   Because Plaintiffs did not qualify as exempt executive, administrative, or professional employees under IWC Order 1-2001, Defendants were therefore prohibited, under Labor Code § 510 and IWC Order 1-2001, from requiring Plaintiffs to work overtime (*i.e.*, more than eight hours in one workday, more than 40 hours in one workweek, and the first eight hours worked on the seventh day of work in any one workweek), unless Defendant paid Plaintiffs for overtime hours worked at an overtime rate, *i.e.*, a pay rate at least 1 ½ times the regular rate.

37.   As described above, Plaintiffs were required by Defendants to work overtime, but were not paid for their overtime hours worked.

38.   Defendants knew that Plaintiffs worked overtime because Defendants scheduled Plaintiffs to work those hours; and Defendants knew that Plaintiffs were not paid overtime rates for these hours because Defendants had a policy of misclassifying Plaintiffs as exempt from the overtime provisions of the Labor Code and IWC Orders.

39.   Defendants' scheme of first misclassifying Plaintiffs and collective members as exempt from California's overtime provisions, and then failing to pay them for all hours worked was willing, and was either knowingly and intentionally violative, or recklessly disregardful of the law.

40.     As the direct and proximate result of Defendants' actions and inactions, Plaintiffs have been deprived of rights secured to them under California and damaged, and are entitled to compensatory damages in an amount according to proof at trial.

41.     These damages include, but are not limited to, a sum equivalent to Plaintiffs' unpaid wages for the three years proceeding the filing of this complaint, attorneys' fees and costs, and any other equitable relief that the Court deems just and proper.

### Third Cause of Action
**Failure to pay meal and rest period wages**
**In violation of California Labor Code §§ 218.5, 226.7**
**(by Plaintiffs on their own behalf against all Defendants)**

42.     Plaintiffs reassert, reallege, and incorporate by reference the preceding paragraphs as though fully set forth herein.

43.     California Labor Code § 218 authorizes Plaintiffs to sue directly for any wages or penalty due under the Labor Code.

44.     Under IWC Order 1-2001 and Labor Code § 512, Defendants were required to provide Plaintiffs with a 30-minute meal period for every five-hour work period, and a 10-minute rest period for every four-hour work period, but failed to do so.

45.     Because Defendants, as described above, failed to provide Plaintiffs with these rest and meal periods, under IWC Order 1-2201 and Labor Code § 226.7(b), Defendants were required to pay Plaintiffs wages of an additional hour of pay for each workday that the meal or rest period was not provided, but have not done so.

46.     Plaintiffs demand attorneys' fees and costs under Cal. Labor Code § 218.5, plus all appropriate penalties for the wage and hour violations.

# Fourth Cause of Action
### Failure to pay final wages
### In violation of California Labor Code §§ 201, 203, 218, 218.5
### (By Plaintiff Leahy on her own behalf against all Defendants)

47.     Plaintiff Leahy reasserts, realleges, and incorporates by reference the preceding paragraphs as though fully set forth herein.

48.     California Labor Code § 218 authorizes employees to sue directly for any wages or penalty due under the Labor Code; under Labor Code § 201, wages earned and unpaid at the time of discharge are due and payable immediately; and under Labor Code § 203, where an employer willfully fails to pay any wages of a discharged employee, the daily rate of pay of such an unpaid terminated employee shall continue as a penalty from the date the wages are due, for up to 30 days.

49.     Defendants' failure to pay Plaintiff's overtime and meal and rest period wages during the course of their employment resulted, upon the termination of their employment, in a failure to pay Plaintiffs' final wages, in violation of Labor Code § 203.

50.     Defendants' failure to pay these wages was willful, in that Plaintiff earned all wages owed and Defendants' failure to pay these wages was without justification or excuse.

51.     In denying Plaintiff payment of these wages, Defendants acted, willfully, wantonly, and intentionally. As alleged above, Defendants were aware of their obligations to pay employees for missed meal periods and rest breaks, but failed to do so. Defendants' actions in not paying Plaintiff were done in bad faith and warrant waiting time penalties.

52.     Plaintiff requests all appropriate penalties, plus reasonable attorney's fees, interest, and costs under Cal. Labor Code §§ 203, 218 and 218.5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Fifth Cause of Action
## Conversion
## In violation of California Civil Code § 3336
## (By Plaintiffs on behalf of themselves against all Defendants)

53.    Plaintiffs reassert, reallege, and incorporate by reference the preceding paragraphs as though fully set forth herein.

54.    Pursuant to California statute, including but not limited to Labor Code §§ 216, 553, and 1199, and Penal Code §§ 484 and 532, it is a violation of law to fail to pay wages on the next payday after they are earned.

55.    Defendants failed and refused to pay due and owing wages to Plaintiffs on the next payday after such wages were earned.

56.    At the time the wages were due and payable by Defendants to Plaintiffs, the unpaid wages became Plaintiffs' property, and by failing to pay the earned wages, Defendants converted Plaintiffs' property to their own use.

57.    The amount of wages converted by Defendants is specific and certain based on the number of uncompensated overtime hours worked by Plaintiffs, the number of workdays on which Plaintiffs were not provided a meal or rest break, and the calculated rate of pay.

58.    By failing to pay the wages on the appropriate payday and retaining the sums earned by class members, defendants thereby wrongfully exercised dominion and control over the property of class members. Defendants thereafter converted Plaintiffs' property by applying the monies to their own use.

59.    Plaintiffs have been denied the possession, use and enjoyment of said monies and have been damaged in an amount according to proof.

60.    Defendants obtained labor from Plaintiffs through false pretenses when they made fraudulent statements to Plaintiffs that they had been paid all of their due and owing wages.

C 11-00462 EMC COMPLAINT          12

61.     In failing to pay due and owing wages to Plaintiffs and retaining the wages for their own use, Defendants have acted with malice, oppression and conscious disregard for Plaintiffs' statutory rights.

## Sixth Cause of Action
### Unfair Competition
### In violation of California Business & Professions Code § 17200 *et seq.*
### (by Plaintiffs on behalf of themselves against all Defendants)

62.     Plaintiffs reassert, reallege, and incorporate by reference the preceding paragraphs as though fully set forth herein.

63.     California's "Unfair Competition Law," Business & Professions Code § 17200 *et seq.* ("UCL"), prohibits unlawful, unfair, or fraudulent business acts and practices as "unfair competition." Under the UCL, any person who has suffered an injury in fact and lost money or property as a result of unfair competition may bring an action for relief, while the UCL further provides that the remedies or penalties provided under the UCL are cumulative to each other and to the remedies and penalties available under all other state laws.

64.     Defendants' acts, as alleged above, constitute unfair competition, which have caused injury in fact to Plaintiffs, who, as a result, have lost money in an amount according to proof.

65.     Plaintiffs seek full restitution from Defendants as necessary to restore any and all monies withheld, acquired, and converted by Defendants by means of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and collective members pray for relief and judgment against Defendants as follows:

### As to the Collective Action (29 U.S.C. § 216(b):

1          1.      That this action be certified as a collective action under 29 U.S.C. §

2  216(b);

3          2.      That Plaintiffs be appointed as representatives of the collective of all

4  other similarly situated employees; and

5          3.      That counsel for Plaintiffs be appointed as counsel for the collective

6  action.

7

8                **As to the First Cause of Action (29 U.S.C. §§207, 216):**

9          1.      For all actual, consequential, and incidental losses and damages,

10  according to proof;

11         2.      For such other damages as allowed under FRCP 54(c) and 29 U.S.C. §

12  216(b), according to proof;

13         3.      For liquidated damages, attorney's fees, and costs under 29 U.S.C. §

14  216(b); and

15         4.      For any other relief, including equitable relief, as the Court deems just

16  and proper.

17

18         **As to the Second, Third, Fourth, and Fifth Causes of Action:**

19         1.      For all actual, consequential, and incidental losses and damages,

20  according to proof;

21         2.      For restitution of unpaid wages and accrued interest; and

22         3.      For attorney's fees and costs.

23

24     **As to the Sixth Cause of Action (Cal. Bus. & Prof. Code § 17200 *et seq.*):**

25         1.      For all actual, consequential, and incidental losses and damages,

26  according to proof;

27         2.      For restitution of unpaid wages and accrued interest;

28

3.    For reasonable attorney's fees under Cal. Code Civ. Pro. § 1021.5

4.    For costs of suit; and

5.    For such other and further relief as the Court may deem appropriate.


DATED: January 27, 2011                    PILLETTE LAW OFFICE, P.C.



                                           /S/
                              By: _____
                                   John W. Pillette
                                   Attorneys for Plaintiff

1

**DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a jury trial as provided by Federal Rule of Civil

3   Procedure 38(a).

4

5   DATED: January 27, 2011                    PILLETTE LAW OFFICE, P.C.

6

7

8                                                          /S/
                                        By: _____
9                                              John W. Pillette
                                               Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28