MICHAEL E. BREWER, Bar No. 177912
GREGORY G. ISKANDER, Bar No. 200215
LITTLER MENDELSON
A Professional Corporation
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone: 925-932-2468
Facsimile:  925-946-9809
mbrewer@littler.com
giskander@littler.com

Attorneys for Defendants
HOLOGIC, INC. and SUROS SURGICAL
SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MARYANN REYNOLDS, DANA SHAWA, and SHELLA LEAHY, individually and on behalf of other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOLOGIC, INC., and SUROS SURGICAL SYSTEMS, INC.,<br><br>Defendants. | Case No.  CV 11-0462 PJH<br><br>**DEFENDANT HOLOGIC'S OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Date:  August 24, 2011<br>Time: 9:00 a.m.<br>Courtroom:  3 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )

DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

# TABLE OF CONTENTS

PAGE

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL BACKGROUND ................................................................................1

        A.      Hologic Is A Medical Device Company Dedicated to Women's Health ...................1

        B.      Plaintiffs Were Clinical Education Specialists in a Single Hologic Division.............2

        C.      Hologic Has Various Diverse Products, Lines of Business, and Divisions................3

III.    PROCEDURAL BACKGROUND ........................................................................5

IV.     LEGAL ANALYSIS .............................................................................................6

        A.      Plaintiffs Have Not Shown That This Case is "Appropriate" For Judicial
                Notice Under The FLSA ..............................................................................6

        B.      Plaintiffs Fail To Submit Sufficient Evidence That There Is A Similarly
                Situated Collective Group Affected By A Nationwide Violation Of Law That
                Could Be Managed Or Tried On A Collective Basis....................................7

                1.      Plaintiffs' Reliance Upon The Mere Classification Of A Group Of
                        Employees Is Insufficient To Show That Plaintiffs Are Similarly
                        Situated To A Class....................................................................7

                2.      Plaintiffs Do Not Offer Any Competent Evidence That They Are
                        Similarly Situated To All "In-Servicing Trainers." .........................9

                3.      Plaintiffs Do Not Offer Any Competent Evidence That They or Any
                        Other "In-Servicing Trainers" Are Subject To A Common Violation of
                        Law.........................................................................................10

                4.      Before Notice Is Authorized, Plaintiffs Must At Least Present A
                        Plausible Theory That Their Exempt Status Can Be Adjudicated On A
                        Representational Basis.............................................................. 12

        C.      Plaintiffs' Reliance on Factually Dissimilar Cases is Unpersuasive. .......................14

        D.      The Court Should Deny Conditional Certification, Or In The Alternative,
                Limit the Conditional Collective Class to the CES Position Held By Plaintiffs........15

        E.      The Court Must Reject Plaintiffs' Request To Toll The Statute of Limitations
                Because The Law Does Not Permit Tolling Where Defendant Lawfully
                Rejected Plaintiffs' Demands For Premature Disclosure Of Class Member
                Contact Information ..................................................................................15

        F.      In The Event The Court Conditionally Certifies This Case As a Collective
                Action, The Court Should Amend Plaintiffs' Proposed Notice Because
                Plaintiffs' Methodology For Facilitating Notice Is Defective ..................................18

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    i.                    DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                                   FOR CONDITIONAL CERTIFICATION

1

**TABLE OF CONTENTS**
(CONTINUED)

2

PAGE

3

1. The Notice Should Not Be Distributed To Individuals Who Are Not Clinical Education Specialists ...................................................................18

4

2. The Notice Should Not Be Mailed To Individuals Who Were Not

5
Employed By Hologic Within The Last Three Years ..................................18

6

3. The Opt-In Form Should Require The Plaintiff to Include His or Her Actual Dates of Employment........................................................................19

7

4. The Notice Should Inform Putative Collective Action Members Of

8
Their Right To Hire Their Own Counsel. ...................................................19

9

5. The Notice Should Neutrally Inform Plaintiffs How To Opt-In If They "Want To Join The Lawsuit." .....................................................................20

10

6. The Notice Should Include a 45-day deadline to Opt-In.............................20

11

7. The Notice Should Not Include The Case Caption......................................21

12

8. The Notice's Description of the Lawsuit Should Include A Statement

13
That Hologic Denies Any And All Liability. ...............................................21

14

V.    CONCLUSION.....................................................................................................23

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

# TABLE OF AUTHORITIES

PAGE

CASES

*Adams v. Inter-Con Sec. Sys.*,
  242 F.R.D. 530 (N.D. Cal 2007)................................................................................14

*Allison v. Frito Lay, Inc.*,
  1992 U.S. Dist. LEXIS 8758 (D. Kan. 1992)...........................................................16

*Amendola v. Bristol-Myers Squibb Co.*,
  558 F.Supp.2d 459 (S.D.N.Y. 2008)........................................................................12

*Baum v. AstraZeneca LP*,
  372 Fed. Appx. 246 (3d Cir. 2010)..........................................................................12

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
  2011 U.S. Dist. LEXIS 24768 (N.D. Cal. Feb. 24, 2011)......................................13

*Bonilla v. Las Vegas Cigar Co.*,
  61 F.Supp.2d 1129 (D. Nev. 1999).............................................................................5

*Carter v. Anderson Merchandisers, LP*,
  2008 U.S. Dist. LEXIS 53852 (C.D. Cal. 2008)......................................................19

*Cash v. Cycle Craft Company, Inc.*,
  508 F.3d 680 (1st Cir. 2007).....................................................................................12

*Chavez v. WIS Holdings Corp.*,
  2007 U.S. Dist. LEXIS 90283 (S.D. Cal. 2007).........................................................5

*Christopher v. SmithKline Beecham Corp.*,
  635 F.3d 383 (9th Cir. 2011) ....................................................................................12

*Clausman v. Nortel Networks, Inc.*,
  2003 U.S. Dist. LEXIS 11501 (S.D. Ind. 2003) ...............................................6, 20

*Colson v. Avnet, Inc.*,
  687 F. Supp. 2d 914 (D. Ariz. 2010).....................................................................6, 8

*Dukes v. Wal-Mart Stores, Inc.*,
  _ U.S. _, 2011 U.S. LEXIS 4567 (June 20, 2011) ...................................................6

*Flores v. EI Maint. Co.*,
  2010 U.S. Dist. LEXIS 30086 (N.D. Cal. 2010) .......................................................5

*Flores v. Lifeway Foods, Inc.*,
  289 F.Supp.2d 1042 (N.D. Ill. 2003) .......................................................................21

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Fulwood-Kelly v. Cordis Corp.*,
  2009 U.S. Dist. LEXIS 119302 (S.D. Fla. 2009) .................................................. 12

*Gerlach v. Wells Fargo*,
  2006 U.S.Dist. LEXIS 24823 (N.D. Cal. 2006) ...................................... 14, 16, 17

*Goudie v. Cable Communs., Inc.*,
  2008 U.S. Dist. LEXIS 91313 (D. Or. 2008) ............................................. 16, 17

*Grayson v. K-Mart Corp.*,
  79 F.3d 1086 (11th Cir. 1996) ......................................................... 19

*Harkins v. Riverboat Services, Inc.*,
  385 F.3d 1099 (7th Cir. 2004) .......................................................... 5

*Hernandez v. United Auto Credit Corp.*,
  2010 U.S. Dist. LEXIS 40209 (N.D. Cal. 2010) .................................... 13

*Hoffman-LaRoche Inc. v. Sperling*,
  493 U.S. 165 (1989) ............................................................... passim

*Holt v. Rite Aid Corp.*
  333 F.Supp.2d 1265, 1270 (M.D. Ala. 2004) ........................................ 11

*Horne v. United Servs. Auto. Ass'n*,
  279 F.Supp.2d 1231 (M.D. Ala. 2003) ................................................. 6

*Huynh v. Chase Manhattan Bank*,
  465 F.3d 992 (9th Cir. 2006) .......................................................... 15

*In Re Wells Fargo Home Mortgage*,
  571 F.3d 953 (9th Cir. 2009) .......................................................... 13

*Ketchum v. City of Vallejo*,
  2007 U.S. Dist. LEXIS 94325 (E.D. Cal. 2007)....................................... 5

*Labrie v. UPS Supply Chain Solutions, Inc.*,
  2009 U.S. Dist. LEXIS 25210 (N.D. Cal 2009) ...............................13, 14, 20, 22

*Leslie v. Ingalls Shipbuilding, Inc.*,
  899 F.Supp. 1578 (S.D. Miss. 1995)................................................... 12

*Lewis v. Wells Fargo & Co.*,
  669 F.Supp.2d 1124 (N.D. Cal. 2009) ................................................ 18

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1

**TABLE OF AUTHORITIES**

(CONTINUED)

2

PAGE

3

*Marsh v. Butler County School System*,

4

242 F.Supp.2d 1086 (M.D. Ala. 2003) ............................................................... 8

5

*Mike v. Safeco Ins. Co. of Am.*,

274 F.Supp.2d 216 (D. Conn. 2003) ............................................................ 6, 11

6

*Owsley v. San Antonio Independent School Dist.*,

7

187 F.3d 521 (5th Cir. 1999) ............................................................................ 12

8

*Partlow v. Jewish Orphans Home of S. Cal. Inc.*,

645 F.2d 757 (9th Cir. 1981) ............................................................................ 17

9

*Perella v. Colonial Transit, Inc.*,

10

148 F.R.D. 147 (W.D. Pa. 1991) ........................................................................ 5

11

*Pfohl v. Farmers Ins. Group*,

12

2004 U.S. Dist. LEXIS 6447 (C.D. Cal. 2004) ................................................ 13

13

*Prentice v. Fund for Public Interest Research, Inc.*,

2007 U.S. Dist. LEXIS 71122 ............................................................16, 17, 18, 21

14

*Reich v. John Alden Life Ins.*

15

126 F.3d 1 (1st Cir. 1997) ................................................................................. 12

16

*Rose v. Wildflower Bread Co.*,

17

2011 U.S. Dist. LEXIS 5426 (D. Ariz. 2011) ............................................. 16, 17

18

*Severtson v. Phillips Beverage Co.*

137 F.R.D. 264................................................................................................... 20

19

*Silverman v. SmithKline Beecham Corp.*,

20

2007 U.S. Dist. LEXIS 80030 (C.D. Cal. 2007).................................................. 9

21

*Skidmore v. Swift & Co.*,

22

323 U.S. 134 (1944)........................................................................................... 10

23

*Smith v. Johnson & Johnson*,

593 F.3d 280 (3d Cir. 2010) .............................................................................. 12

24

*Smith v. Tradesmen Int'l, Inc.*,

25

289 F.Supp.2d 1369 (S.D. Fla. 2003) .................................................................. 8

26

*Stoll v. Runyon*,

27

165 F.3d 1238 (9th Cir. 1999) ........................................................................... 15

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          v.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*Tolentino v. C & J Spec-Rent Servs.*,
716 F. Supp. 2d 642 (S.D. Tex. 2010) .............................................................................. 20

*Trinh v. JP Morgan Chase & Co.*,
2008 U.S. Dist. LEXIS 33016 (S.D. Cal. 2008) ......................................................... 6, 8, 12

*United States v. Patterson*,
211 F.3d 927 (5th Cir. 2000) ............................................................................................. 16

*Verkuilen v. Mediabank, LLC*,
2010 U.S. Dist. LEXIS 50538 (N.D. Ill 2010) ................................................................... 12

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009) ............................................................................................. 13

STATUTES

29 U.S.C. § 213(a)(1) .......................................................................................................... 12

29 U.S.C. § 255 .................................................................................................................. 19

29 U.S.C. § 256 .............................................................................................................. 5, 19

OTHER AUTHORITIES

29 C.F.R. § 541.102 ........................................................................................................... 12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

## I. INTRODUCTION

Plaintiffs Maryann Reynolds, Dana Shawa, and Shella Leahy's (collectively, "Plaintiffs") motion to conditionally certify a collective class of all "In-Servicing Trainers" employed by Defendant Hologic, Inc. ("Hologic")[1] fails to meet even the lenient standard for conditional certification under the Fair Labor Standards Act ("FLSA"). Plaintiffs fail to demonstrate that they are similarly situated to the members of the putative class, and fail to articulate a cognizable theory upon which this action can proceed as a collective action.

Indeed, Plaintiffs do not support their motion with anything other than bare allegations. This approach appears to stem from Plaintiffs' assumption that the Court will automatically certify a collective class based on bare allegations alone. This assumption is fatal, as Plaintiffs must demonstrate, even for conditional certification, that they are similarly situated to the class that they propose with respect to a common unlawful practice. Yet Plaintiffs fail to show that all other "in-servicing trainers" have the same job responsibilities and duties as Plaintiffs, or that all other "in-servicing trainers" are subject to any common practice or policy. In fact, Plaintiffs offer the Court no competent evidence that it can rely upon in evaluating whether Plaintiffs are similarly situated with other employees with respect to an allegedly common illegal practice.

Plaintiffs present the Court with a bare-bones motion and utterly fail to present any evidence or a plausibe theory as to how this case can proceed as a collective action. Plaintiffs have failed to meet their burden to demonstrate that this case is appropriate for conditional certification and notice to the class, and for the reasons set forth below, the Court should deny Plaintiffs' motion.

## II. FACTUAL BACKGROUND

### A. Hologic Is A Medical Device Company Dedicated To Women's Health.

Hologic is a developer, manufacturer and supplier of premium medical diagnostic products, medical imaging systems, and surgical products dedicated to serving the healthcare needs of women, including: mammography and breast biopsy; radiation treatment for early-stage breast cancer; breast MRI; cervical cancer screening; treatment for menorrhagia and uterine fibroids; permanent

---

[1] Plaintiffs' motion does not appear to seek conditional certification against Defendant Suros Surgical Systems, Inc. ("Suros") and presents no argument or evidence as to Suros.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

contraception; osteoporosis assessment; preterm birth risk assessment; and molecular diagnostic products, including human papillomavirus (HPV) testing and reagents for a variety of DNA analysis applications.  Declaration of Jamie Mills In Support of Defendant Hologic's Opposition To Motion For Conditional Certification ("Mills Decl.") ¶ 2.  Hologic employs product support teams of highly trained specialists with the knowledge and resources to assist its customers with solutions to the customer's needs, whether educational or technical, or consisting of integration problems with other products or of application to patients.  Id.

## B.     Plaintiffs Were Clinical Education Specialists in a Single Hologic Division.

Hologic hired Plaintiffs as Clinical Education Specialists ("CES") in its Interventional Breast Solutions ("IBS") division.[2]  Mills Decl. at ¶ 3.  Plaintiffs were responsible for training customers on the use of Hologic's breast biopsy platforms.  Id. at ¶ 5.  Plaintiffs' job responsibilities included visiting customers (hospitals and medical offices) and teaching the medical professionals (doctors, nurses, technologists) how to use Hologic's breast biopsy products, including  support for integration with other products and troubleshooting issues that might arise during the application of the product. Id.  Prior to and during a customer visit, Plaintiffs were expected to tailor each training session to the needs of the individual customer.  Id.  For example, various customers had different levels of experience, as a medical professional and/or with Hologic's products, different staffing levels, different time constraints, different training needs, and different tolerances and learning requirements for the various staff.  Id.  These differing needs required Plaintiffs to adjust their teaching style, the level of information provided, and modes of presentation, to meet the customer's specific needs.  Id.  This training of the medical professionals involved not only technical use of the medical devices, but also instruction during patient procedures.  Id.

For existing customers, Plaintiffs were also responsible for visiting or calling the customer to assist them with any needs that they might have or answer questions relating to the products.  Mills Decl. at ¶ 6.  Plaintiffs also worked closely with Hologic's sales personnel to identify potential new customers and to work with customers who want to evaluate new or additional Hologic products.

---

[2] Hologic employed Plaintiff Maryann Reynolds from September 10, 2007 to November 26, 2008; Plaintiff Shella Leahy from May 5, 2007 to September 17, 2010; and Plaintiff Dana Shawa from March 23, 2009 to July 8, 2009 (prior to hiring Shawa as a CES, Hologic had employed her in another position, as will be described below).  Mills Decl. ¶ 3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          2.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                 FOR CONDITIONAL CERTIFICATION

Mills Decl. at ¶ 6.  Plaintiffs' duties included sales objectives, and they were required to provide leads to the sales force and up-sell other products.  Id.  Hologic expected Plaintiffs to build relationships with the customers in their territory and to be available to the customer to address any needs or concerns that the customer might have.  Id.  Because Plaintiffs worked from their homes and had no direct supervision,[3] they worked independently, managing their own schedules, communicating with customers directly, and independently setting up and performing their training sessions and presentations.  Id.

## C.     Hologic Has Various Diverse Products, Lines of Business, and Divisions.

Hologic maintains three distinct lines of business, each encompassing different divisions and product lines.  Although Plaintiffs only discuss their own jobs as CESs in Hologic's IBS division (as insufficient as it is), because their class definition is so broad as to potentially include other employees whose responsibilities *include* training customers, an explanation of these other divisions and lines of business is necessary.

Two of Hologic's lines of business, its breast health line and its diagnostic line, employ individuals who either as their primary duties, or as part of their duties, train customers on Hologic's products.[4]  The breast health line of business includes two divisions, the IBS division and Hologic's Clinical Services division.  The Clinical Services division services Hologic's imaging products for mammography, skeletal, and MRI, and employs Clinical Services Specialists ("CSSs")[5] who train customers on the use of imaging devices.[6]  Declaration of Robin Hillman In Support of Defendant Hologic's Opposition To Motion For Conditional Certification ("Hillman Decl.") ¶ 2.  Although part of the breast health line of business like the IBS division, Hologic operates the Clinical Services division separately from the IBS division and the CESs that work therein.  Id.  The IBS and Clinical Services divisions operate through separate management chains and employ distinct methods of

---

[3] Plaintiffs lived in California during their entire employment with Hologic.  Mills Decl. at ¶ 3.  Plaintiffs' supervisor was located in Nashville, Tennessee.  Id.  The IBS division is headquartered in Indianapolis, Indiana, and Hologic's corporate headquarters is located in Bedford, Massachusetts.  Id. at ¶ 4.

[4] Hologic's other line of business, GYN Surgical, does not employ any "in-servicing trainers" as defined by Plaintiffs.

[5] Prior to holding her CES position, Hologic employed plaintiff Shawa as a CSS in its Clinical Services division from May 12, 2008 to February 6, 2009.  Hillman Decl. ¶ 3.

[6] A few employees dealing specifically with skeletal health products are employed as Regional Application Specialists.  Hillman Decl. ¶ 3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          3.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                 FOR CONDITIONAL CERTIFICATION

1    training with varying responsibilities and duties.[7]  Id.  CSSs train customers on different products

2    (like capital equipment) than do CESs in the IBS division (disposable equipment), and unlike the

3    CESs, CSSs are not responsible for sales objectives and are not assigned regions.  Hillman Decl. at ¶

4    2.

5         Separate and distinct from the breast health line of business is Hologic's diagnostic line of

6    business.  The diagnostics line includes two primary divisions: the Molecular division and the

7    Cytology division.  Declaration of Suzanne Werneke In Support of Defendant Hologic's Opposition

8    To Motion For Conditional Certification ("Werneke Decl.") ¶ 2.  These divisions employ individuals

9    whose jobs *include* "training" customers, but they operate very differently than the breast health line

10   of business.   Specifically, the diagnostics line involves very different types of products, and

11   employees require different training and education, have different duties and responsibilities, and

12   interact differently with customers.  See Id. at ¶2-3.  For example, in Hologic's Molecular division,

13   Field Applications Specialists ("FASs") work with molecular diagnostic products that deal with

14   cervical cancer screening, cystic fibrosis, and coagulation disorders.  Id. at ¶2.  And unlike the CESs,

15   who generally have radiological technologist backgrounds and work with doctors and their staff on

16   breast biopsy products, the FASs work with laboratories and have molecular testing backgrounds.

17   Id.  Unlike the CES position, the FAS position requires a minimum of a Bachelor's degree, and some

18   FASs have a Master's degree or PhD.  Id.  In fact, FAS teach DNA extraction techniques in addition

19   to HPV testing processes and protocols.  They also teach laboratorians to interpret the results of

20   these tests which ultimately impact the follow up care for patients.  Id.

21        Likewise, Hologic's Cytology division employs Cytology Application Specialists ("CASs")

22   who, unlike CESs, deal with diagnostic products in laboratories and are required to have a

23   background or degree in biological science.  Id. at ¶ 3.  In fact, the CAS position requires a

24   Bachelor's degree, and a cytology certification through a Program in Cytotechnology that is

25   accredited or approved by the Commission on Accreditation of Allied Health Education Programs

---

[7] This is generally a result of Hologic's acquisition of other companies.  For example, Hologic's entire IBS division resulted from its acquisition of Suros in 2006, and the division generally continues to employ the same employees, products, and methods as it had prior to the acquisition.  Mills Decl. ¶ 4.  Indeed, management and human resources for the IBS division remains based in Indianapolis where Suros was headquartered, and not at Hologic's headquarters in Massachusetts.  Id.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          4.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                 FOR CONDITIONAL CERTIFICATION

1   (CAAHEP) on recommendation of the Cytotechnology Programs Review Committee (CPRC) of the

2   American Society of Cytopathology (ASCP).    Id.    Moreover, CASs teach the customer the

3   morphologic differences between current and new technologies and to interpret slides (showing

4   cells) that are produced by the instrument so that the medical professionals understand the readings

5   from the slides on the new product and are able to determine how to interpret differences on the

6   slides.   Werneke Decl. at ¶ 3.   In fact, employees with radiological technologist backgrounds who

7   might qualify as a CES, like Plaintiffs, would not qualify to perform the duties in the FAS or CAS

8   position.   Id. at ¶ 4.   Not only is the FAS and CAS position very different from the positions

9   Plaintiffs occupied, but some CASs hold "hybrid" positions in which their primary duties include

10  outside sales, who also report to the sales director.   Id.

11       Thus, Hologic runs its breast health line of business, which employed Plaintiffs as CESs,

12  completely differently from its diagnostic line of business which employs the FASs and CASs, all of

13  which have very distinct job qualifications and job duties.   And, as described above, even between

14  the IBS and Clinical Services divisions of the breast health line, the CES and CSS job

15  responsibilities differ.

16  **III.    PROCEDURAL BACKGROUND**

17       Plaintiffs filed this action on January 31, 2011.   However, Plaintiffs did not commence their

18  FLSA collective action until July 11, 2011, the date that they filed consents to join the collective

19  action.[8]   Plaintiffs served interrogatories on Hologic, to which Hologic responded.   Plaintiffs have

---

20  [8] A FLSA collective action is not commenced, even for named plaintiffs, until the plaintiff files a separate consent form

21  *in addition to* the complaint. 29 U.S.C. § 256 ("[I]n the case of a collective or class action instituted under the FLSA, the action shall be considered to be commenced in the case of an individual claimant--(a) on the date when the complaint is

22  filed, if he is specifically named as a party plaintiff in the complaint *and* his written consent to become a party plaintiff is filed on such date  . . . ; *or (b) if such consent was not so filed . . . on the subsequent date on which such written consent*

23  *is filed . . . .")*  (emphasis added).  Recognizing the unambiguous language of section 256, one court in this circuit has held: "When a 'collective action' is filed under § 216(b) all plaintiffs, *including named plaintiffs* are required to file a

24  consent to suit form with the court in which the action is brought.  A 'collective action' is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed."  *Ketchum v. City of Vallejo*, 2007 U.S. Dist.

25  LEXIS 94325, *5 n.4 (E.D. Cal. 2007) (emphasis added).  Other courts, including  this district, are in accord: *Flores v. EI Maint. Co.*, 2010 U.S. Dist. LEXIS 30086, *1-3 (N.D. Cal. 2010) (recognizing that named plaintiffs in a collective

26  action under the FLSA are required to file written consents, separate and apart from the filing of the complaint); *Chavez v. WIS Holdings Corp.*, 2007 U.S. Dist. LEXIS 90283, *2 (S.D. Cal. 2007); *see also Harkins v. Riverboat Services, Inc.*,

27  385 F.3d 1099, 1101 (7th Cir. 2004); *Bonilla v. Las Vegas Cigar Co.*, 61 F.Supp.2d 1129, 1133 (D. Nev. 1999); *Perella v. Colonial Transit, Inc.*, 148 F.R.D. 147, 149 (W.D. Pa. 1991), aff'd, 977 F.2d 569 (3d Cir. 1992), cert denied, 507 U.S.

28  917 (1993).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    5.             DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

1   not sought any other discovery, including depositions, from Hologic.  The Court held its initial case

2   management conference on June 2, 2011, setting discovery and motion deadlines, but no trial date.

## IV.   LEGAL ANALYSIS

### A.   Plaintiffs Have Not Shown That This Case is "Appropriate" For Judicial Notice Under The FLSA.

6   Plaintiffs have not made a showing that this case is appropriate for judicial intervention.  In

7   *Hoffman-LaRoche*, the United States Supreme Court held that district courts "have *discretion*, *in*

8   *appropriate cases* . . . to implement" the collective action mechanism under Section 216(b) "by

9   facilitating notice to potential plaintiffs."  *Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165, 169

10   (1989) (emphasis added); see also *Horne v. United Servs. Auto. Ass'n*, 279 F.Supp.2d 1231, 1233

11   (M.D. Ala. 2003) ("The power to authorize notice must, however, be exercised with discretion and

12   only in appropriate cases").   Nonetheless, Plaintiffs wrongly interpret the "lenient" nature of the

13   "initial stage" of FLSA litigation to mean they simply need to *ask* for conditional certification

14   without presenting any cognizable argument or supporting evidence that a collective action is

15   appropriate.  Plaintiffs incorrectly assume that a motion for conditional certification is automatic

16   based on bare allegations.  Yet courts have recognized, "conditional certification at the first stage is

17   by no means automatic" and "lenient" does not mean the absence of any standard.  *Colson v. Avnet,*

18   *Inc.*, 687 F. Supp.2d 914, 925 (D. Ariz. 2010); see also *Trinh v. JP Morgan Chase & Co.*, 2008 U.S.

19   Dist. LEXIS 33016, *9-10 (S.D. Cal. 2008); *Clausman v. Nortel Networks, Inc.*, 2003 U.S. Dist.

20   LEXIS 11501, *8 (S.D. Ind. 2003).   The Court must still find that, based on Plaintiffs' proposed

21   theory of liability, notice is "appropriate."  *Hoffman-LaRoche,* 493 U.S. at 169.

22   The United States Supreme Court has explained that the collective action mechanism is

23   appropriate only if it will result in the systemic benefits derived from a process that permits the

24   "efficient resolution in one proceeding of common issues of law and fact arising from the same

25   alleged . . . activity."  *Hoffman-LaRoche*, 493 U.S. at 170.   "In other words, the court must be

26   satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs

27   would predominate a determination of the merits in this case."  *Mike v. Safeco Ins. Co. of Am.*, 274

28   F.Supp.2d 216, 220 (D. Conn. 2003).  Absent such commonality, "it is doubtful that § 216(b) would

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                6.                DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

1  further the interests of judicial economy, and it would undoubtedly present a ready opportunity for

2  abuse." *Horne*, 279 F.Supp.2d at 1234; see also *Trinh*, 2008 U.S. Dist. LEXIS 33016 at *8 (to

3  determine whether plaintiffs are "similarly situated" for FLSA conditional certification purposes, the

4  court should consider "the extent to which members of the proposed action will rely on common

5  evidence").[9]

6      Plaintiffs have not provided this Court with a plausible theory, let alone evidence, to find that

7  they are similarly situated to other employees with respect to an alleged illegal practice. Given the

8  Supreme Court's requirements and its cautionary guidelines, Plaintiffs fall far from establishing that

9  conditional certification is warranted in this case, for the reasons explained below.

10  **B.  Plaintiffs Fail To Submit Sufficient Evidence That There Is A Similarly Situated Collective Group Affected By A Nationwide Violation Of Law That Could Be Managed Or Tried On A Collective Basis.**

11

12      1.  **Plaintiffs' Reliance Upon The Mere Classification Of A Group Of Employees Is Insufficient To Show That Plaintiffs Are Similarly Situated To A Class.**

13

14      Plaintiffs summarize their entire argument as follows: "the standard for sending out a

15  §216(b) notice is a lenient one and is met by a 'simple' showing that other employees may have also

16  been subjected to a common practice of misclassification." Plaintiffs' Supporting Memorandum of

17  Points & Authorities ("Mem.") at 6:7-8. Plaintiffs allege that they meet this standard because "they

18  allege that they were misclassified and that other customer trainers were treated likewise." Mem. at

19  6:8-10. However, considering that Plaintiffs presented no evidence and no law demonstrating that

20  they were in fact misclassified, their argument is actually that there is a common practice of

21  ---

[9] Moreover, the Supreme Court recently discussed the commonality requirement for class certification and held that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,' . . . [t]his does not mean merely that they have all suffered a violation of the same provision of law." *Dukes v. Wal-Mart Stores, Inc.*, _ U.S. _, 2011 U.S. LEXIS 4567 at *19 (June 20, 2011). What matters to class certification is not the raising of common questions, even in droves, but rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. *Id.* at *20. Although *Dukes* was not a FLSA collective action, the Supreme Court's recent decision is instructive for a trial court's evaluation of all representative actions. While courts in this district use a lenient standard for conditional certification in FLSA actions, as set forth above, that standard still requires an evaluation as to whether plaintiffs are similarly situated to the class they propose. Likewise, in determining commonality in a Rule 23 class action, as was the case in *Dukes*, a court must evaluate whether class plaintiffs are similarly situated to the class that they propose. As the Notes of the Advisory Committee to the 1966 Amendments to Rule 23 provide: "[s]ubdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense and promote uniformity of decisions as to persons *similarly situated* ..." (Emphasis added). Thus, the Supreme Court's guidance, even though not a FLSA action, is instructive and should guide this Court in its evaluation of Plaintiffs' request for conditional certification, even under the lenient standard.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          7.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION

classifying a group of employees as exempt from overtime under the FLSA.  Courts have soundly rejected the argument that the classification of employees as exempt alone justifies certification of a collective action, "[a]s a matter of both sound public policy and basic common sense":

> [T]he mere classification of a group of employees – even a large or nationwide group – as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as "similarly situated" for § 216(b) purposes.  If it were, in every instance where an employer is accused of misclassifying a large group of employees, the district court would then somehow be required to order collective action notification, irrespective of the quality or quantity of evidence that had been produced in the form of declarations and supporting exhibits.  Such a rule would run counter to the long established law governing § 216(b) actions, which states that whether an employee has been properly exempted under the FLSA necessitates a fact specific inquiry.

*Colson*, 687 F. Supp. 2d at 926 (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 947 (9th Cir. 2009); *In Re Wells Fargo Home Mortgage*, 571 F.3d 953, 959 (9th Cir. 2009)); *Trinh*, 2008 U.S. Dist. LEXIS 33016 at *9-11 (denying FLSA conditional certification where plaintiffs' only allegation was that defendants uniformly classified plaintiffs and other loan officers as "exempt" and plaintiffs offered no evidence beyond their own speculative beliefs that all loan officers, regardless of location or experience, where similarly situated); *Marsh v. Butler County School System*, 242 F.Supp.2d 1086, 1094 (M.D. Ala. 2003) ("the mere fact that violations [of the FLSA] occurred cannot be enough to establish similarity").

In *Colson,* like here, the plaintiff "submitted only three declarations along with several exhibits" in support of her motion for conditional certification.  687 F.Supp.2d at 927.  The evidence of the employer's practices outside of her home state consisted of the plaintiff's opinions, discussions with unidentified co-workers, unspecified "company communications," and undocumented interactions with other employees.  *Id.*  While her declaration had "some value" with respect to her own experience, it was otherwise "filled with statements that lack personal knowledge."  *Id.*  Such evidence did "not come close to establishing a sufficient evidentiary basis" to conclude, even preliminarily, that the plaintiff was similarly situated to a nationwide class.  *Id.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          8.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

Here, Plaintiffs offer even less than the plaintiff in *Colson* did – three identical boilerplate declarations that do not offer even a single iota of evidence relating to any other members of the putative collective action.  Indeed, Plaintiffs do not offer any evidence that Hologic even classifies as overtime exempt the other members of the putative class that they seek to certify.  With even less evidence than in *Colson*, Plaintiffs' claims that they are similarly situated to a nationwide class of trainers is simply "unsupportable."  See 687 F.Supp.2d at 929; see also *Smith v. Tradesmen Int'l, Inc.*, 289 F.Supp.2d 1369, 1372 (S.D. Fla. 2003) (three identical affidavits insufficient to make conditional certification appropriate).

>            2.     **Plaintiffs Do Not Offer Any Competent Evidence That They Are Similarly Situated To All "In-Servicing Trainers."**

The three boilerplate declarations submitted by Plaintiffs never once mention any facts relating to any other similarly situated employees.  Perhaps attempting to overcome this lack of necessary evidence, Plaintiffs declare that "Hologic itself, in its SEC filings, testifies that the members of this service force are similarly situated, in that they all perform the same function of 'biomedical training' of Hologic's customers."  Mem. at 3:20-22.  This is a grossly inaccurate statement of fact.[10]  The SEC filing submitted by Plaintiffs *nowhere* makes any such pronouncement. Indeed, if the Court relies on the SEC filing, a review of the filing should lead to the opposite conclusion – that Hologic's workforce is extremely diversified between varying lines of business, and the products, sales, marketing, and services within each of those lines.

Moreover, the evidence submitted by Hologic demonstrates that not all employees who have "in-servicing training" as part of the job responsibilities are similarly situated to Plaintiffs.  As described above, unlike Plaintiffs: some employees have responsibilities that require advanced scientific degrees, Werneke Decl. at ¶ 2-3; some employees have primary duties that involve outside sales, Id. at ¶ 4; some employees have no sales objectives, Hillman Decl. at ¶ 2; some employees are working with entirely different kinds of products and customers Id.; Werneke Decl. at ¶ 2-3; and some employees' responsibilities require entirely different means of teaching and evaluation of the

---

[10] Hologic objects to the Request for Judicial Notice filed by Plaintiffs with regard to the SEC filing.  (See Defendant's Objection to Request for Judicial Notice, filed herewith.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1  products and application to patients.  Mills Decl. at ¶ 5-6; Hillman Decl. at ¶ 2; Werneke Decl. at ¶

2  2-3.

3         Thus, Plaintiffs do not offer a scintilla of evidence that they are similarly situated to any

4  other employees.[11]  Plaintiffs' bare allegations, in the face of contrary evidence, are not sufficient to

5  meet their burden.  See *Silverman v. SmithKline Beecham Corp.*, 2007 U.S. Dist. LEXIS 80030, *6-

6  8 (C.D. Cal. 2007) (conditional certification denied where defendant pharmaceutical company

7  consisted of eight separate business units, operating in different ways, and nine nearly identical

8  declarations that plaintiff provided was a narrow and potentially unrepresentative sample insufficient

9  to demonstrate that the members of the broad class proposed were similarly situated.)

10               3.     **Plaintiffs Do Not Offer Any Competent Evidence That They or Any**

11                      **Other "In-Servicing Trainers" Are Subject To A Common Violation of**
                       **Law.**

12        Not only do Plaintiffs fail to show that they are similarly situated in their positions and

13  responsibilities, they also fail to show that they are similarly situated with respect to any alleged

14  common unlawful practice.  Plaintiffs must show a viable theory of misclassification – the entire

15  basis upon which they premise their lawsuit.  Yet, they offer no competent evidence of

16  misclassification.  Instead, Plaintiffs make the wholesale proclamation that "the IST cohort is

17  similarly situated in that its members are similarly misclassified as exempt professionals."  Mem. at

18  4:27-5:1.  As set forth above, this allegation of class wide misclassification is not sufficient.

19        The only purported evidence offered by Plaintiffs to show any similarity with regard to their

20  misclassification claim are their job descriptions and unsupported or untrue statements in their

21  declarations.  However, none of Plaintiffs' purported evidence establishes a cognizable theory of

22  *misclassification*.  For example, Plaintiffs state that Hologic hired them as radiological technologists,

23  that Hologic classified them as exempt professionals, and that the Department of Labor takes the

24  position that radiology technologists are not exempt professionals.  See last paragraph of each

25  Plaintiff's declaration and Mem. at 5:2-10.  This argument fails because it is based on misstatements

26  of fact.  First, Hologic did not employ the Plaintiffs as radiological technologists.  Although a

---

[11] Although Plaintiffs also submitted their written job description, they do not establish that this job description applied to any other CESs.  Further, as set forth below, a job description alone is insufficient to establish that a case is appropriate for conditional certification.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1   radiological technology degree or equivalent experience was a required qualification, Hologic hired

2   Plaintiffs as Clinical Education Specialists, teaching medical professionals on the use of Hologic's

3   products.  Mills Decl. at ¶ 3, 5.  Thus, any reliance on Department of Labor opinions that radiology

4   technologists are not exempt is irrelevant.[12]  Moreover, Plaintiffs present no competent evidence that

5   Hologic classified them as exempt professionals.[13]

6          As to their job description, Plaintiffs simply point to that portion which requires CESs to

7   conduct "training sessions for surgeons, radiologists, nurses . . . ."  See Ex. A to the Declaration of

8   Maryann Reynolds ("Reynolds Decl.").  Yet, they offer the Court no argument or evidence that these

9   duties do not meet the tests of any of the exemptions.  Indeed, Plaintiffs conveniently fail to address

10  other aspects of the job description such as:

11              "discuss critical account information . . . monitor and discuss with
                sales team and customer service accounts . . . provide input on
12              education material . . . field clinical questions from customers . . .
                communicate trends and customer needs . . . target and eliminate
13              competitive presences . . . train and educate new sales representatives .
                . . assist with on-site trade show and education course support . . .
14              conduct various sales activities . . . ."

15  See Ex. A to Reynolds Decl.

16          Additionally, courts have made clear that plaintiffs may not rely on job descriptions alone to

17  certify a collective action.  For example, in *Holt v. Rite Aid Corp.*, the plaintiffs sought certification

18  of a collective action consisting of store managers and assistant managers, relying on their job

19  description to establish that they were misclassified as exempt.  333 F.Supp.2d 1265, 1270 (M.D.

20  Ala. 2004).  In denying certification, the court explained:

21              [T]his case is not a case where janitors are being classified as exempt
                executives.  Evidence before the court of the formal, written job
22              descriptions of store managers and assistant store managers contains
                many managerial tasks.  It is only once the Plaintiffs' testimony as to
23              the degree to which other tasks are performed that the application of
                the exemption becomes questionable.  Therefore, . . . because the
24              application of the executive exemption for merits purposes will require

25  _____

    [12] Additionally, DOL opinions are not biding on this Court.  *Skidmore v. Swift & Co.*, 323 U.S. 134, 139-40 (1944).

26  [13] For the proposition that Hologic classified them as professionals, plaintiffs rely on a California Department of Labor
    Standards Enforcement administrative opinion relating to a hearing involving *plaintiff Reynolds* for repayment of
27  *expenses* under California law.  Hologic objects to this purported evidence as there is no basis to conclude that Hologic
    took any position regarding the exempt classification of Plaintiff Reynolds.  Moreover, the exempt status of Plaintiff
28  Reynolds was not relevant in her expense reimbursement claim, and as such, was not analyzed or discussed in the
    opinion.  (See Objection to Request for Judicial Notice.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                  11.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                         FOR CONDITIONAL CERTIFICATION

a fact-intensive determination, it appears to the court that the similarly situated inquiry also requires an examination of day-to-day tasks.

*Id.*; *see also Mike, supra*, 274 F. Supp. 2d at 220-21 (denying certification where employees shared a common job description, as the job description alone could "not provide the necessary common thread").

Plaintiffs have not shown that their primary duties were similar to any other employee, whether as a CES or in any other position. Nor have Plaintiffs presented the Court with any evidence or cognizable theory that all members of the collective class were subject to the same alleged violation of law. Because Plaintiffs have not presented the Court with any evidence as to how they, or any other employee, were misclassified, they have failed to meet their burden to show that this case is appropriate for conditional certification.[14]

### 4. Before Notice Is Authorized, Plaintiffs Must At Least Present A Plausible Theory That Their Exempt Status Can Be Adjudicated On A Representational Basis.

Even if the Court determines that Plaintiffs have sufficiently demonstrated that there are similarly situated employees subject to a common practice of misclassification, the Court should look beyond Plaintiffs' allegations and consider how they will prove their alleged statutory violation. *See Amendola v. Bristol-Myers Squibb Co.*, 558 F.Supp.2d 459, 467 n.9 (S.D.N.Y. 2008)

---

[14] Indeed, case law suggests that employees with Plaintiffs' responsibilities are likely classified properly as exempt from the overtime requirements of the FLSA. *See e.g., Reich v. John Alden Life Ins.* 126 F.3d 1, 3-5 (1st Cir. 1997) (marketing representatives exempt administrative employees); *Verkuilen v. Mediabank, LLC*, 2010 U.S. Dist. LEXIS 50538 (N.D. Ill 2010) (account manager who provided software support services for software company, troubleshot client problems and explained the problem back to the company, and trained clients on company software, was exempt administrative employee); *Fulwood-Kelly v. Cordis Corp.*, 2009 U.S. Dist. LEXIS 119302 (S.D. Fla. 2009) ("Complaint Handling Specialists" who represented the employer in handling complaints, evaluating product complaints, and who "owned" the complaint through conclusion were exempt employees); *Cash v. Cycle Craft Company, Inc.*, 508 F.3d 680 (1st Cir. 2007) (employee who was hired to make sure that motorcycles ordered by employer's customers were properly outfitted and delivered and that customers were happy with the service they received qualified as an administrative employee exempt from overtime under FLSA); *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 395-401 (9th Cir. 2011) (pharmaceutical representatives exempt employees because, in part they have a "largely autonomous work-life outside of an office" and are "subject to minimal supervisor oversight"); *Smith v. Johnson & Johnson*, 593 F.3d 280, 285 (3d Cir. 2010) (pharmaceutical representative exempt because her "non-manual position required her to form a strategic plan" which "involved a high level of planning and foresight" and she "executed nearly all of her duties without direct oversight"); *Baum v. AstraZeneca LP*, 372 Fed. Appx. 246, 248-50 (3d Cir. 2010) (pharmaceutical representative exempt because she "disseminat[ed] information to the marketplace [and increased] understanding [of] customers and competitors," had "significant discretion in how she would approach physicians," and "spent the majority of her time in the field, unsupervised, calling on physicians"); DOL Wage and Hour Division Fact Sheet #17D ( "Having a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge includes, by its very nature, exercising discretion and judgment."); *Leslie v. Ingalls Shipbuilding, Inc.*, 899 F.Supp. 1578 (S.D. Miss. 1995) (engineering specialists exempt); *Owsley v. San Antonio Independent School Dist.*, 187 F.3d 521 (5th Cir. 1999), cert. denied, 529 U.S. 1020 (2000) (athletic trainers exempt).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          12.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                  FOR CONDITIONAL CERTIFICATION

1    (scrutinizing merits based on the record to the extent necessary to address plaintiff's notice motion).

2    Plaintiffs challenge their exempt status under the FLSA, *see* 29 U.S.C. § 213(a)(1), and accordingly,

3    their claims will be evaluated based upon whether the record shows that they were employed in a

4    bona fide executive, administrative, or professional capacity - or a combination of exemptions.  *Id.*

5         It follows logically that before the Court authorizes notice, Plaintiffs must at least present a

6    plausible theory that their exempt status (and those of other employees) can be adjudicated on a

7    representational basis.   However, courts have recognized that whether employees "are exempt

8    necessarily involves a fact-by-fact inquiry into the circumstances of each employee to see if he or

9    she falls within" a relevant exemption.  *Trinh*, 2008 U.S. Dist. LEXIS 33016 at *13; 29 C.F.R. §

10   541.102; see also *Vinole*, 571 F.3d at 947; *In Re Wells Fargo Home Mortgage*, 571 F.3d at 959.

11   Against this legal backdrop, Plaintiffs must show that their claims present common questions of fact

12   and law that may be answered, conceivably, through representational proof.   This, Plaintiffs have

13   failed to do.

14        Given the nature of Hologic's business, and differences in the lines of business, divisions,

15   and products, all of which result in variances in the responsibilities of the individual proposed class

16   members, the Court will necessarily undertake a highly individualized inquiry not appropriate for a

17   collective action.  See, e.g., *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2011 U.S. Dist. LEXIS

18   24768 (N.D. Cal. Feb. 24, 2011)(decertifying a class because "[w]here, as here, significant

19   differences exist among the job duties of the putative class members [even for managers with the

20   same job title], a determination whether class members qualify for FLSA overtime exemptions will

21   necessitate an individualized inquiry into the circumstances of each Plaintiff"); *Hernandez v. United*

22   *Auto Credit Corp.*, 2010 U.S. Dist. LEXIS 40209 at *8 (N.D. Cal. 2010)(decertifying a class in part

23   because determining whether each plaintiff met the executive exemption would require

24   individualized inquiries); *Pfohl v. Farmers Ins. Group*, 2004 U.S. Dist. LEXIS 6447 at *27 (C.D.

25   Cal. 2004)(decertifying a class because determining whether each Plaintiff met the administrative

26   exemption would require individualized inquiries).

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    13.                    DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

1   Plaintiffs have not demonstrated that if the case is certified it can be adjudicated on a

2   representational basis.  As such, conditionally certifying the collective action and issuing notice is

3   not inappropriate.

4   **C.      Plaintiffs' Reliance on Factually Dissimilar Cases is Unpersuasive.**

5   In support of their motion, Plaintiffs refer the Court to three cases decided in this District,

6   including one by this Court, that were factually and procedurally distinct from this case.  For

7   example, in *Labrie v. UPS Supply Chain Solutions, Inc.*, 2009 U.S. Dist. LEXIS 25210, *18 (N.D.

8   Cal 2009), this Court conditionally certified a collective action after finding that plaintiffs "provided

9   some factual basis to support their allegations that potential plaintiffs are 'similarly situated' beyond

10  mere averments in the [complaint]."  Indeed, as the Court recognized, "the plaintiff bears the burden

11  of showing that the putative collective action members are similarly situated for purposes of §

12  216(b)."  *Id.* at *8.  Thus, in *Labrie*, the Court evaluated the declarations of at least thirty individuals

13  attesting to facts which demonstrated that the putative collective class (drivers) were employees as

14  opposed to independent contractors (the allegations in that case).  Indeed, the defendant in *Labrie*

15  did not dispute the substance of the evidence submitted by plaintiffs which established that there was

16  in fact a common policy that could be adjudicated in determining whether the drivers – *who all had*

17  *the same exact job* – were independent contractors or not.  *Id.* at *18-19.  This case is a far cry from

18  *Labrie* as the Court does not have any evidence before it that Plaintiffs are similarly situated to every

19  employee at Hologic who trains customers on its products.

20  Plaintiffs also rely on *Gerlach v. Wells Fargo*, 2006 U.S.Dist. LEXIS 24823 (N.D. Cal.

21  2006) and wrongly claim that this case is similar to that case simply because *Gerlach* involved

22  employees spread throughout the country and the court allowed the plaintiffs to use a common

23  description for all the various employee titles (as Plaintiffs wrongly attempt to do here).  However,

24  in *Gerlach*, the evidence established that *all* of the putative collective members shared the *same* job

25  description and performed similar job duties – facts that are absent in this case.  *Id.* at *9.  Moreover,

26  the only issue in *Gerlach* was whether the court should apply the lenient standard of the first tier –

27  which the defendant conceded plaintiffs had met - or decide certification under the more stringent

28  second tier.  *Id.* at *11.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    14.              DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                              FOR CONDITIONAL CERTIFICATION

1    Likewise, in *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 537-38 (N.D. Cal 2007)

2    ("*Adams*"), another case cited by Plaintiffs, the court was presented with 383 plaintiffs who had

3    opted into the action, along with numerous declarations – including from supervisors – covering fifty

4    locations in numerous states.  This evidence in *Adams* demonstrated a policy of required off-the-

5    clock briefings that applied to the entire class.  *Id.* at 534.  Given the factually devoid record of such

6    evidence in this case, *Gerlach* and *Adams* are distinguishable.  Because all three cases relied on by

7    Plaintiffs are distinguishable, Plaintiffs have not presented the Court with any legal authority

8    demonstrating that a case should be conditionally certified under the circumstances and evidence (or

9    lack thereof) presented here.

10          **D.      The Court Should Deny Conditional Certification, Or In The Alternative,
11                  Limit the Conditional Collective Class to the CES Position Held By Plaintiffs.**

12          For all the reasons set forth above, Plaintiffs have not even met the lenient standard

13   for conditional certification.  In the event that the Court is inclined to grant conditional certification,

14   it should be limited to employees in the CES position – the position held by Plaintiffs and the only

15   position which Plaintiffs can arguably represent given the evidence before the Court.  As described

16   above, although Hologic employs individuals who "train" customers outside of the CES position

17   held by Plaintiffs, those other employees' duties and responsibilities, while they *include* training, are

18   dramatically different from the CES position held by Plaintiffs.  And importantly, Plaintiffs present

19   no evidence for this Court to determine that they are similarly situated to these other employees.

20   Thus, conditional certification and notice, if granted at all, should be limited to the CES position.

21          **E.      The Court Must Reject Plaintiffs' Request To Toll The Statute of Limitations
22                  Because The Law Does Not Permit Tolling Where Defendant Lawfully Rejected
                    Plaintiffs' Demands For Premature Disclosure Of Class Member Contact
23                  Information.**

24

25          Plaintiffs' request for equitable tolling is entirely inappropriate in this case.  As an equitable

26   remedy, tolling is only appropriate where it would be "unfair or unjust to allow the statute of

27   limitations to act as a bar to [a plaintiff's] claim."  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992,

28   1004 (9th Cir. 2006).  Therefore, the doctrine applies only "when the plaintiff is prevented from

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          15.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                 FOR CONDITIONAL CERTIFICATION

asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on the time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). Plaintiffs allege merely that equitable tolling is appropriate because they "requested contact information from defendants early but were rebuffed." Mem. at 6:2. This is not a proper basis for tolling the statute of limitations because Hologic's withholding of contact information that the law does not require to be disclosed is not "wrongful conduct" sufficient to justify the equitable remedy of tolling. Nor have Plaintiffs established any extraordinary circumstances that have made it impossible for them to file their claims sooner.

Generally, equitable tolling is available only when there has been "active deception" on the part of the employer such as by making material misrepresentations to putative class members. See *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *Allison v. Frito Lay, Inc.*, 1992 U.S. Dist. LEXIS 8758 at *12-14 (D. Kan. 1992), appeal dism'd, 988 F.2d 1059 (10th Cir. 1993). However, Hologic's refusal to provide voluntarily to Plaintiffs its employees' private contact information is not "wrongful conduct" because the law does not require Hologic to act otherwise. *Prentice v. Fund for Public Interest Research, Inc.*, 2007 U.S. Dist. LEXIS 71122, *9-10.

As recognized in *Prentice*, refusal to provide contact information for potential plaintiffs *prior to* certification cannot be the basis for equitable tolling because the FLSA "does not require Defendants to provide contact information for potential plaintiffs until *after* the court certifies the collective action." *Id.* at *10 (emphasis in original). *Prentice* is directly on point because, there, as here, the plaintiffs in a FLSA collective action based upon alleged misclassification requested equitable tolling after defendant refused to disclose contact information of potential plaintiffs prior to the certification of the collective action. In holding that equitable tolling was not appropriate under such circumstances, the *Prentice* Court reasoned:

> "If refusal to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement. Neither outcome is appropriate. Where a defendant has committed no misconduct aimed at preventing potential plaintiffs from joining the suit, there is no reason to toll the statute of limitations."

*Id.* at *10

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )          16.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION

Although the Ninth Circuit has never addressed this issue, all but one District Court case, including the *Gerlach* case cited repeatedly in Plaintiffs' motion, are in accord with the *Prentice* decision.   See *Gerlach*, 2006 U.S. Dist. LEXIS 24823 at *15-17 (where defendant refused to produce contact information for potential FLSA collective action members prior to certification, "under the law of this circuit, equitable relief is not proper"); *Rose v. Wildflower Bread Co.*, 2011 U.S. Dist. LEXIS 5426, *6-7 (D. Ariz. 2011) ("This Court agrees [with *Prentice*] that a defendant's refusal to provide contact information that the FLSA does not require to be disclosed is not sufficient grounds for equitable tolling"); *Goudie v. Cable Communs., Inc.*, 2008 U.S. Dist. LEXIS 91313, *6-8 (D. Or. 2008) (defendant's refusal to provide contact information for class members prior to the issuance of the court's final order authorizing notice was not improper and therefore, equitable tolling was not justified).   *Adams*, the only case Plaintiffs cite for their position, is the single case holding to the contrary, and notably, courts have referred to *Adams* as "an anomaly."   *Goudie*, 2008 U.S. Dist. LEXIS 91313 at *6.   Indeed, every court in this circuit that has addressed this issue since the *Adams* holding has expressly declined to follow *Adams*.   *Id.*; *Prentice*, 2007 U.S. Dist. LEXIS 71122 at *10; *Rose v. Wildflower Bread Co.*, 2011 U.S. Dist. LEXIS 5426 at *6-7.

Moreover, the *Adams* court inappropriately relied on *Partlow v. Jewish Orphans Home of S. Cal. Inc.*, 645 F.2d 757 (9th Cir. 1981) for the conclusion that equitable tolling is always appropriate where plaintiffs have experienced some delay joining the suit.   As recognized by the Court in *Gerlach*, *Partlow* is readily distinguishable from the case where, as here, no inequity would result if the statue of limitations remains unmodified.   2006 U.S. Dist. LEXIS 24823 at *16-17.   In *Partlow*, the Ninth Circuit held that equitable tolling was appropriate because, due to Plaintiff's counsel's error, class members' earlier filed consents were invalid.   645 F.2d at 761.   In that case, the court held that under the *unusual circumstances*, allowing the plaintiffs to execute proper consents after the running of the statute of limitations was only fair.   *Id.*   Plaintiffs' reliance on *Partlow* is misplaced, therefore, because here there are no extraordinary circumstances present which would require or justify equitable relief.   Nor do Plaintiffs allege such.   Hologic has done nothing but lawfully decline to disclose prematurely putative collective member information.   This conduct is not wrongful, and as such, the Court must deny equitable tolling.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    17.                    DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

**F.  In The Event The Court Conditionally Certifies This Case As a Collective Action, The Court Should Amend Plaintiffs' Proposed Notice Because Plaintiffs' Methodology For Facilitating Notice Is Defective.**

If the Court conditionally certifies the FLSA claim and determines that notice to putative collective action members is appropriate, it should exercise its discretion to amend Plaintiffs' Proposed Notice as set forth below and to require that a third party manage the notice and opt-in process.  District courts have a substantial interest in managing the notice process because of "the potential misuse of the class device, as by misleading communications."  *Hoffmann-LaRoche*, 493 U.S. at 170-71.  Thus, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."  *Id.*  Courts recognize that the use of third-party administrators protects the privacy interests of potential class members.  *See*, *e.g.*, *Lewis v. Wells Fargo & Co.*, 669 F.Supp.2d 1124, 1129-30 (N.D. Cal. 2009) (ordering use of impartial third party to mail notice to potential class members).  Because "using a third party is the best way to ensure the neutrality and integrity of the opt-in process," a neutral third-party administrator should issue the Notice in this case.  *Prentice*, 2007 U.S. Dist. LEXIS 71122, *15.

Further, if the Court determines that it will allow Plaintiffs to send notice to potential class members, it should require the following modifications to the Proposed Notice:

**1.  The Notice Should Not Be Distributed To Individuals Who Are Not Clinical Education Specialists of Clinical Services Specialists.**

Plaintiffs have utterly failed to present evidence to the Court that would justify a class definition that included all employees who train customers on Hologic's products.  As set forth above, although there are employees who are not CESs who train customers as part of their jobs in various Hologic divisions, Plaintiffs are not similarly situated to those employees.  Thus, notice should only go to employees who were CESs within the applicable period.

**2.  The Notice Should Not Be Mailed To Individuals Who Were Not Employed By Hologic Within The Last Three Years.**

Plaintiffs propose that the Notice should be mailed to all Employees employed from February 2008, to the present or from February 2007 to the present for California employees.  Plaintiffs' inclusion of a four-year limitations period under California law is inappropriate because Plaintiffs do

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    18.                    DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                                     FOR CONDITIONAL CERTIFICATION

not seek to certify any California statutory violations.  Only claims under the FLSA may be conditionally certified.  The statute of limitations under the FLSA is two years, or three years in the event of a "willful violation." 29 U.S.C. § 255.  And, because the statute of limitations runs until a party joins the lawsuit, the applicable period does not begin in February 2008.  See 29 U.S.C. § 256.  The statute of limitations for any potential class member is not tolled until he or she files a written consent to join this action.  *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996).  Thus, any Notice should be mailed to individuals employed within the three-year period prior to the date the notice is mailed.  *Carter v. Anderson Merchandisers, LP*, 2008 U.S. Dist. LEXIS 53852, *18 (C.D. Cal. 2008) (approving issuance of notice limited to those employed within last three years).  For these reasons, notice to individuals employed more than three years ago is unwarranted.

### 3.    The Opt-In Form Should Require The Plaintiff to Include His or Her Actual Dates of Employment.

Opt-in plaintiffs should be required to include their actual dates of employment on the opt-in form in order to ensure that opt-in plaintiffs are proper collective action members.  As stated above, the statute of limitations under the FLSA is two years, or three years in the event of a "willful violation." 29 U.S.C. § 255.  Requiring opt-in plaintiffs to include their actual dates of employment is necessary because if opt-in plaintiffs' dates of employment fall outside of the class period, then joinder would be improper.  Such a requirement would assist in the efficiency and accuracy of the collective action and joinder procedures while, on the other hand, it would in no way prejudice Plaintiffs.  See *Hoffmann-LaRoche*, 493 U.S. at 170-71 ("the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.")  As such, the opt-in form should be amended accordingly.

### 4.    The Notice Should Inform Putative Collective Action Members Of Their Right To Hire Their Own Counsel.

Any notice sent to putative collective action members should inform them of their right to consult any attorney that they choose.  Plaintiffs must provide notice to potential opt-in collective action members that is "timely, accurate, and informative."  See *Hoffmann-La Roche Inc.*, 493 U.S. at 172.  Among the rights that potential collective action members should be advised of is their right to be represented by an attorney other than class counsel.  See *Labrie*, 2009 U.S. Dist. LEXIS 25210

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    19.          DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                          FOR CONDITIONAL CERTIFICATION

at *26 (opt-in form "should indicate that the potential plaintiff chooses to be represented by the named plaintiffs and their counsel").  Indeed, any notice should not direct putative class members to contact class counsel but, instead, "must inform potential class [p]laintiffs that they may contact any attorney of their choosing to discuss the case."  *Tolentino v. C & J Spec-Rent Servs.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010).

### 5.    The Notice Should Neutrally Inform Plaintiffs How To Opt-In If They "Want To Join The Lawsuit."

The language throughout Plaintiffs' proposed Notice which suggests that individuals are certain to collect money if they join the suit must be altered into more neutral and unassuming terms.  Specifically, the conclusory statement in the "What You Must Do To Join" section of Plaintiffs' proposed Notice which incites putative collective action members to complete the opt-in form "if you . . . want to recover wages owed to you . . ." must be amended.  proposed Notice at 3:3.  This section should impartially inform putative collective action members that they are required to fill out the opt-in form "if you want to join the lawsuit."  The Supreme Court has instructed that court-approved notice is sent for the purpose of making potential class members aware of a pending lawsuit.  See *Hoffmann-La Roche Inc.*, 493 U.S. at 172-74.  It is not an opportunity for Plaintiffs' counsel to solicit clients.  See *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266-67 (D. Minn 1991) ("[t]he court has a responsibility to avoid the 'stirring up' of litigation through solicitation"); *Clausman*, 2003 U.S. Dist. LEXIS 11501 at *8.  Accordingly, the "What You Must Do To Join" section of Plaintiffs' proposed Notice, which currently reads like an advertisement for Plaintiffs' counsel and an inappropriate guarantee of success, should be amended to more neutral terms.

### 6.    The Notice Should Include a 45-day deadline to Opt-In.

In order for actions to "proceed in a diligent fashion," notice should describe the time period within which a consent must be filed.  *Hoffmann-La Roche Inc.*, 493 U.S. at 172 (trial court properly "set a cutoff date for the filing of consents, as it was bound to do if the action was to proceed in diligent fashion").  Plaintiffs' proposed Notice, however, is silent as to the deadline by which putative class members must opt-in.  Instead, Plaintiffs' Proposed Notice directs putative class members to: "***Do it NOW, because the amount of wages you can recover will diminish the longer***

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                    20.           DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
FOR CONDITIONAL CERTIFICATION

*you wait!!!*" Proposed Notice at 3: 5-6 (emphasis in original).  This statement amounts to a directive to join the lawsuit, unacceptably coerces employees to do so, and also improperly concludes that potential putative class members "can recover" and will recover wages.  Indeed, conspicuously absent from Plaintiffs' proposed Notice is any indication that the choice to join the lawsuit is a personal one.  The Court should revise the notice to explain in simple terms the putative class members' options and autonomy, and to suggest neutrally that putative class members have the option – but are not obligated – to join in the lawsuit within 45 days of receiving the Notice.  A 45-day opt-in period is reasonable in this case given that the maximum number of potential plaintiffs in this case is not "exceedingly large."  See *Prentice*, 2007 U.S. Dist. LEXIS 71122, *10 ("exceedingly large" size of the class and the absence of prejudice to the defendant weighed in favor of longer opt-in period.)

### 7.    The Notice Should Not Include The Case Caption.

Plaintiffs' proposed Notice begins with a pleading-style caption, including the name of the Court, the title of the action, the civil action number, and the names of the assigned District Judge.  Notice procedures should "respect judicial neutrality" and "avoid even the appearance of judicial endorsement of the merits of the action."  *Hoffmann-La Roche Inc.*, 493 U.S. at 174.  Adding a caption to the Notice is likely to be misunderstood by the recipient as a judicial endorsement.  *Prentice*, 2007 U.S. Dist. LEXIS 71122, *14 ("Including the full caption may give a false impression of judicial endorsement of Plaintiff's position where none exists"); *Flores v. Lifeway Foods, Inc.*, 289 F.Supp.2d 1042, 1046-47 (N.D. Ill. 2003) (including pleading-style caption on notice is "likely to be misunderstood as representation that the suit probably has merit").  Thus, the caption should be replaced with a simple recitation of relevant information (such as title of the action, civil action number and name of the court) within the Notice.

### 8.    The Notice's Description of the Lawsuit Should Include A Statement That Hologic Denies Any And All Liability.

Plaintiffs' proposed Notice's "Description of the Lawsuit" section inadequately informs putative collective action members of the suit and must be amended.  In *Labrie*, this Court found inadequate the plaintiff's proposed "Description of the Lawsuit" section which stated that the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

1   defendant "denies that it has violated the FLSA." 2009 U.S. Dist. LEXIS 25210 at *25. Noting that

2   "[c]ollective action members are entitled to receive 'accurate and timely notice concerning the

3   pendency of the collective action, so that they can make informed decisions about whether to

4   participate, '" this Court held that the description failed to adequately describe that the defendant

5   denied any and all liability, including plaintiffs' allegations that the defendant "improperly classified

6   drivers as 'independent contractors' and failed to correctly compensate drivers for minimum wages

7   and overtime compensation under the FLSA." *Id*. (internal citations omitted.) In this case,

8   Plaintiffs' proposed Description of the Lawsuit is equally inadequate as it merely provides: "For its

9   part, Hologic denies any wrongdoing." Proposed Notice at 2:14-15. The notice must be amended to

10  make clear that Hologic denies any and all liability, including Plaintiffs' allegations that Hologic

11  misclassified employees as exempt and failed to compensate employees correctly for overtime

12  compensation under the FLSA.

13      Additionally, in the interest of providing putative class members with information with

14  which they can make an informed decision whether or not to join the lawsuit, the final sentence of

15  the "Description of the Lawsuit" section, which reads: "If you join, the attorneys and law firms listed

16  in Section 9 below will seek to recover your wages due" should not suggest that wages are in fact

17  "due," but should instead read: "If you join, the attorneys and law firms listed in Section 9 below

18  will seek to represent your potential interests in this lawsuit." Proposed Notice at 2:24-25.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )                22.           DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                        FOR CONDITIONAL CERTIFICATION

1   **V.   CONCLUSION**

2          The Court should reject Plaintiffs' attempts to certify this case as a collective action based

3   solely on their bare allegations, and in the absence of sufficient evidence.   Plaintiffs failed to

4   demonstrate that they are similarly situated to any other employees with respect to a common illegal

5   practice, and thus have not met their burden to show that this case is appropriate for conditional

6   certification.   For all the foregoing reasons, the Court should deny Plaintiffs' motion.[15]   In the event

7   that the Court grants Plaintiffs' motion, in its entirety or in part, the Court should limit and modify

8   the notice to the class as requested herein.

9

10  Dated: July 27, 2011

11                                                   /S/ *Michael E. Brewer*_____
                                                     Michael E. Brewer
12                                                   Gregory G. Iskander
                                                     LITTLER MENDELSON
13
                                                     Attorneys for Defendants
14                                                   HOLOGIC, INC. and SUROS SURGICAL
                                                     SYSTEMS, INC
15
    Firmwide:102977090.1 058409.1009
16

17

18

19

20

21

22

23

24

25

26

---

27  [15] To the extent Plaintiffs claim that they intended to seek conditional certification against Suros, in addition to the
    reasons stated herein, the motion must be denied as to Suros because Plaintiffs presented no argument or evidence with
28  respect to Suros.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

(CASE NO. CV 11-0462 PJH )            23.       DEFENDANT HOLOGIC'S OPPOSITION TO MOTION
                                                FOR CONDITIONAL CERTIFICATION