UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REYNOLDS, et al.,

    Plaintiffs,

    v.

HOLOGIC, INC., et al.,

    Defendants.

_____/

No. C 11-0462 PJH

**ORDER GRANTING APPROVAL OF FLSA SETTLEMENT**

Plaintiffs' motion for approval of their proposed FLSA settlement originally came on for hearing before the court on July 11, 2012. At the hearing, the court raised concerns with the proposed 40% attorneys' fee award to plaintiffs' counsel, noting that the Ninth Circuit only deviates from a 25% benchmark award if the benchmark is shown to be "unreasonable under the circumstances." See, e.g., Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272-73 (9th Cir. 1989). The court also noted the unusual procedural posture of the case, in that the parties had not sought preliminary approval of the settlement before seeking final approval as the memorandum of understanding and settlement agreement said they would. Because of this procedural irregularity, the opt-in plaintiffs were required to consent to the settlement before the settlement terms had been finalized. As a result, the court found that those plaintiffs could not have given their informed consent to the terms of the settlement, and gave the parties two options; either (1) re-file the motion as a motion for preliminary approval of the settlement, which would allow all plaintiffs (including the opt-in plaintiffs) to review the terms of the agreed-upon settlement and to provide their informed consent; or (2) file a motion to decertify the class and proceed outside of the collective action context. The court denied plaintiffs' motion without prejudice and gave the parties 30 days to select one of those options and file a re-

styled motion.

The parties chose neither option, and instead sent a joint letter to the court, attaching consent forms from each of the opt-in plaintiffs which showed that they had reviewed the settlement and agreed to its terms. The court held a telephonic conference with the parties, explaining that the consent forms had addressed concerns about the lack of a preliminary approval motion, but reiterating its concerns about the reasonableness of a 40% award for attorneys' fees. The court instructed plaintiffs' counsel to file a supplemental brief justifying the upward adjustment of the 25% benchmark, or instead, providing authority which relieves plaintiffs from having to make a showing that the amount sought is reasonable. The court gave plaintiffs' counsel one week to file the supplemental brief.

Eighteen days later, plaintiffs' counsel filed their brief. The brief implicitly concedes that some justification is needed for an upward adjustment of the 25% benchmark, as nowhere in the brief do plaintiffs' counsel suggest that they are relieved from having to make that showing. The brief attempts to justify the adjustment by contending that the settlement is an "excellent" result that, "in most cases, [provides] more than 100% of the amount the plaintiffs would have been entitled to recover under the FLSA." See Dkt. 46 at 2, 8-9. In support of the latter claim, the brief compares the amount that each plaintiff will receive under the settlement with the "potential recovery" under FLSA. And indeed, several plaintiffs will receive more under the settlement than she could have recovered under the FLSA. However, that is not the relevant comparison. As the terms of the settlement make clear, each plaintiff agrees to release not only any FLSA claims, but also all claims under "any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation." See Dkt. 43, Ex. C at 3. In their complaint, plaintiffs asserted a total of six causes of action, only one of which was under the FLSA and five of which were based purely on California state law. Thus, the comparison that the brief should have made is a comparison between plaintiffs' actual recovery under the settlement and their potential recovery on <u>all</u> asserted claims, if the case had gone to trial. Without that

comparison, there is no way for the court to determine whether the settlement is in fact an excellent result for plaintiffs.

After plaintiffs' counsel filed their brief, the court received a number of emails from named plaintiff Shella Leahy, expressing concerns with the way that the case had been handled by plaintiffs' counsel. Because the emails contained privileged attorney-client communications, and because it would be improper for the court to engage in ex parte communications with a represented party, the court did not consider the emails as presented. However, because the emails raised a number of significant issues regarding the proposed settlement, including a potential misrepresentation regarding Ms. Leahy's salary, the court issued an order allowing Ms. Leahy to file formal objections with the court. Ms. Leahy sent a letter to the court on September 6, 2012, attaching payroll records that showed a potential discrepancy with the pay records relied upon by plaintiffs' counsel. Ms. Leahy also explained that she had encountered some difficulty in receiving responses to her questions from her counsel.

The court then permitted both plaintiffs' counsel and defendants' counsel an opportunity to respond to Ms. Leahy's objections. Plaintiffs' counsel sent a letter to the court on September 17, 2012, with Ms. Leahy's payroll documents attached. Plaintiffs' counsel explained the salary discrepancy by pointing out that Ms. Leahy's pay records included not only her salary, but also additional compensation such as paid-out accrued vacation time. Defendants' counsel also filed a response, arguing that such additional compensation is not properly included when calculating salary for FLSA purposes, and further noting that the same methodology for calculating salary was used for all plaintiffs. The court is thus satisfied that Ms. Leahy's salary was calculated using the same method as was used to calculate the other plaintiffs' salaries.

However, Ms. Leahy's objections did further elucidate the issue of the quality of the result obtained by plaintiffs' counsel. Together, the concerns raised by Ms. Leahy, combined with the deficiencies in plaintiffs' counsel's brief regarding attorneys' fees as to the showing of the reasonableness of the amount, persuade the court that no deviation

3

1 from the Ninth Circuit's 25% attorneys' fee benchmark is warranted.  As a result, the court
2 approves an attorneys' fee award of 25% of the settlement fund, or $37,375 (out of the total
3 settlement fund of $149,500).  With that change, the proposed settlement is hereby
4 APPROVED.  The remaining 15% of the proposed attorneys' fee award (i.e. $22,425) shall
5 be distributed to each of the plaintiffs on a pro rata basis, as identified in plaintiffs' brief (i.e.
6 22% to Ms. Reynolds, 45% to Ms. Leahy, 11% to Ms. Shawa, 10% to Ms. Duncan, and
7 12% to Ms. Lindsey).

       The parties shall file a proposed form of judgment within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated: September 28, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge